**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL IRA LUFT, | : |
| Plaintiff, | : Case No.: 3:19-cv-11728-BRM-LHG |
| v. | : **OPINION** |
| CLERK OF THE SUPERIOR COURT OF NEW JERSEY, *et al.*, | : |
| Defendants. | : |

Before this Court are three motions to dismiss (ECF Nos. 3, 4, & 10) filed by (1) Defendants Michel Lee ("Lee"), (2) ARA Investments, LLC ("ARA"), (3) Michelle M. Smith ("Smith") and the Office of the Clerk of the Superior Court of New Jersey (the "Superior Court Clerk's Office").[1] Plaintiff Michael Ira Luft ("Luft"), appearing *pro se*,[2] opposes all three motions. (ECF Nos. 12, 13, 14.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Procedure 78(b), for the reasons set forth below and for good cause having been shown, all three motions to dismiss are **GRANTED**, and the Moving Defendants are **DISMISSED** from this action.

---

[1] This opinion will refer to Smith and the Superior Court Clerk's Office as the "Clerk's Office Defendants." The Court will refer to the Clerk's Office Defendants together with Lee and ARA as the "Moving Defendants." One remaining defendant, Komlika Gill ("Gill"), did not move to dismiss. This opinion will refer to Gill together with the Moving Defendants as "Defendants."

[2] Because Luft appears *pro se*, the Court affords him "greater leeway" with procedural rules and holds his filings to "less stringent standards" than the Court would apply to attorney filings. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

## I. FACTUAL BACKGROUND

Smith is the Clerk of the New Jersey Superior Court. (ECF No. 1, at 3.) Luft was an unsuccessful defendant in a foreclosure action in New Jersey Superior Court, Chancery Division, Middlesex County. (ECF No. 1, at 6.) Lee, an attorney, represented a private party in matters relating to the foreclosure action against Luft. (ECF No. 1, at 3.) ARA claims an interest in Luft's property following the foreclosure. (ECF No. 1, at 9-10.) Gill, an attorney, previously represented ARA in connection with ARA's effort to obtain possession of Luft's property. (ECF No. 1, at 10.)

Luft alleges that the Clerk's Office Defendants filed a fabricated document purporting to be a final judgment against Luft, complete with a judge's forged signature, on the docket in Luft's foreclosure action. (ECF No. 1, at 7.) Luft further alleges that Lee and the Clerk's Office Defendants later improperly issued a writ of execution, also containing a judge's forged signature, which relied for its authority on the fabricated judgment in the case. (ECF No. 1, at 8-9.) Additionally, Luft alleges that ARA and Gill prepared and filed, and Smith signed, a writ of possession which also contained a judge's forged signature. (ECF No. 1, at 9-12.)

Luft brings this six-count action against the Defendants, alleging that the above facts[3] constitute violations of her Fifth and Fourteenth Amendment right to due process. (ECF No. 1, at 14-24.) Luft asks for a total of $6 million in damages as well as declaratory and injunctive relief. (ECF No. 1, at 24-26.)

---

[3] Defendants point out that New Jersey law provides for expedited procedures for certain foreclosure cases, including authorization for staff attorneys to affix judge's electronic signatures to certain documents. *See* N.J. Ct. R. 4:64-1; Order Concerning Office of Foreclosure (N.J. Mar. 22, 2016), https://www.njcourts.gov/notices/2016/n160602e.pdf.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo, N.A.*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id.* (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand

less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, the Individual Defendants assert a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### B. Motion to Dismiss for Failure to State a Claim

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82

F.3d at 1220).

## III. JURISDICTION

Luft alleges violations of his rights under the Fifth and Fourteenth Amendments. (ECF No. 1, at 14-23.) Accordingly, this Court has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331.

The Moving Defendants argue that notwithstanding § 1331, the *Rooker-Feldman*[4] doctrine bars this Court from exercising jurisdiction. The Court disagrees because Luft does not complain of injuries caused by a state court judgment and because Luft does not ask this Court to review and reject a state court judgment.

The *Rooker-Feldman* doctrine finds its roots in the U.S. Supreme Court's authority, exclusive of all other federal courts, to hear appeals from state court judgments. *See* 28 U.S.C. § 1257. *Rooker-Feldman* provides that district courts lack jurisdiction over actions that in effect serve as substitute appeals from state court judgments. *See Malhan v. Sec'y of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Although in some respects similar to preclusion principles because the doctrine limits certain collateral attacks on state court judgments, "*Rooker-Feldman* is not simply preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

> Four requirements must be met in order for *Rooker-Feldman* to bar suit: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."

---

[4] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

*Allen v. DeBallo*, 861 F.3d 433, 438 (3d Cir. 2017) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). The *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction only if this case meets all four requirements. *See Phila. Ent. & Dev. Partners v. Pa. Dep't of Rev.* (*In re Phila. Ent. & Dev. Partners*), 879 F.3d 492, 500 n.4 (3d Cir. 2018).

The first requirement (a federal plaintiff who lost in state court) is fairly straightforward. With regard to the second requirement (injuries caused by state court judgments), an injury must in fact be caused by the state court judgment itself, rather than the actions of another entity—even if that other entity is a party to the state court proceedings. *See Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018); *B.S. v. Somerset Cty.*, 704 F.3d 250, 260 (3d Cir. 2013). A federal plaintiff's injury is not caused by a state court judgment if the judgment merely "ratifie[s], acquiesce[s] in, or le[aves] unpunished" the allegedly wrongful conduct of a third party. *Great W. Mining & Mineral*, 615 F.3d at 167 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)).

Importantly for this case, "the *Rooker-Feldman* doctrine does not apply" where the federal "suit does not concern state-court judgments, but rather independent torts committed to obtain them." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). For instance, when a federal plaintiff alleges that individuals used "fraud and misrepresentation" in the course of state court proceedings to obtain a state court judgment against the federal plaintiff, the federal plaintiff does not suffer an injury caused by a state court judgment because the federal plaintiff's injuries "stemmed from 'some other source of injury, such as a third party's actions.'" *Great W. Mining & Mineral*, 615 F.3d at 167-68 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)); *see also Williams*, 765 F.3d at 315. Likewise, a federal plaintiff who complains of "an extensive conspiracy . . . to engineer [the federal plaintiff's] defeat in state court" that "forced [the

federal plaintiff] to litigate in a rigged system" does not "assert injury caused by state-court judgments." *Great W. Mining & Mineral*, 615 F.3d at 171. This is true "[e]ven though the injuries of which the [federal] plaintiff complained helped to cause the adverse state judgments." *Id.* at 168.

The third requirement—judgments rendered before the filing of the federal action—is more complex than would appear at first glance, because of an important threshold question: which state court decisions constitute a "judgment" under *Rooker-Feldman*? Three types of state court orders qualify. "The first is when 'the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved.'" *Malhan v. Sec'y of State*, 938 F.3d 453, 459 (3d Cir. 2019) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico* ("*FMPR*"), 410 F.3d 17, 24 (1st Cir. 2005)). "The second situation is when 'the state action has reached a point where neither party seeks further action,'" such as when the time for appeal expires or when the parties voluntarily stop litigating following an interlocutory order. *Id.* (quoting *FMPR*, 410 F.3d at 24). The final situation arises "when a state proceeding has 'finally resolved all the federal questions in the litigation,' even though 'state law or purely factual questions (whether great or small) remain to be litigated.'" *Id.* at 459-60 (quoting *FMPR*, 410 F.3d at 25).

The fourth requirement (review and rejection of a state court judgment) is satisfied only if the federal action requires the Court to "conduct 'prohibited appellate review' of state-court decisions. 'Prohibited appellate review' means 'a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.'" *Phila. Ent. & Dev. Partners*, 879 F.3d at 500 (quoting *Great W. Mining & Mineral*, 615 F.3d at 166, 169)). This requirement is not satisfied "simply because a party attempts to litigate in federal court

a matter previously litigated in state court," even if the federal claim "overlaps [the] adjudicated state-court claims, and is based on the same operative facts." *Turner v. Crawford Sq. Apts. III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006); *see also Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Even if success on the plaintiff's federal claims would necessarily imply that the state court judgments in question were erroneous, this fact does not convert the action into a prohibited appellate review of the state court judgment. *See Great W. Mining & Mineral*, 615 F.3d at 173; *Turner*, 449 F.3d at 548 (quoting *Exxon Mobil*, 544 U.S. at 292). "In other words, if the federal court's review does not concern 'the bona fides of the prior judgment,' the federal court 'is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.'" *Phila. Ent. & Dev.*, 879 F.3d at 500 (quoting *Great W. Mining & Mineral*, 615 F.3d at 169).

*Rooker-Feldman* does not bar Luft's action because it escapes the doctrine's second and fourth requirements. Luft does not seek redress for injuries caused by state court judgments (the second requirement). Additionally, Luft's action does not seek review and rejection of any state court judgment (the fourth requirement).

This action does not satisfy *Rooker-Feldman*'s second requirement because Luft's injuries do not stem from a state court judgment, but instead from Defendants' allegedly unlawful conduct in the state court proceedings which resulted in a state court judgment. Luft alleges that Defendants' improper, fraudulent conduct resulted in the entry of a judgment against him. (ECF No. 1, at 6-13.) While Defendants' allegedly fraudulent activity resulted in a state court judgment adverse to Luft, it is Defendants' activity, not the judgments themselves, that are the source of Luft's alleged injury. *Great W. Mining & Mineral*, 615 F.3d at 167-68, 171. In other words, Luft's "suit does not concern [a] state-court judgment[], but rather independent torts committed to obtain

[it]." *Williams*, 765 at 315. Because Luft's injuries do not stem from the state court foreclosure judgment, *Rooker-Feldman* does deprive this Court of jurisdiction over Luft's action.

This action also fails to meet *Rooker-Feldman*'s fourth requirement because Luft does not seek review and rejection of the state court foreclosure judgment. Luft's action does ask this Court to overturn or invalidate his foreclosure judgment. To the contrary, Luft's requested relief primarily consists of damages. (ECF No. 1, at 24.) Luft also requests injunctive and declaratory relief. (ECF No. 1, at 25-26.) While much of that relief would undo the effect of the state court foreclosure judgment, none of Luft's requested relief asks for the Court to review or reject the foreclosure judgment itself. "In other words, if the federal court's review does not concern 'the bona fides of the prior judgment,' the federal court 'is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.'" *Phila. Ent. & Dev.*, 879 F.3d at 500 (quoting *Great W. Mining & Mineral*, 615 F.3d at 169). Because Luft does not ask this Court to review and reject the state court foreclosure judgment, *Rooker-Feldman* does not deprive this Court of jurisdiction over Luft's action.

## IV. DECISION

### A. State Action

ARA and Lee argue that this Court must dismiss Luft's action against them because they are not state actors. The Court agrees. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Likewise, "the fact of participation in a litigation does not transform a private litigant into a state actor." *Jacobs v. A Robert Depersia Agency*, Civ. No. 09-0180, 2009 WL 799944, at *3 (D.N.J. Mar. 20, 2009). Luft's allegations concern Lee's actions as an attorney and ARA's actions as a litigant. (ECF No. 1, at 18-19, 20-

21.) Because Lee's and ARA's actions are not state action,[5] constitutional liability cannot attach against them.

### B. Sovereign Immunity

The Superior Court Clerk's Office argues that it is entitled to sovereign immunity from suit. This Court agrees. "[T]he New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 239-30 (D.N.J. 2016) (quoting *Johnson v. New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994)). As a part of the Superior Court, the Superior Court Clerk's Office is likewise entitled to sovereign immunity. None of the exceptions to sovereign immunity apply. Accordingly, the Court dismisses the Superior Court Clerk's Office from this action.

### C. Quasi-Judicial Immunity

Smith argues that quasi-judicial immunity bars the action against her. The Court agrees because clerks of court are immune from suit for actions taken in their quasi-judicial capacity. *See Reardon v. Hillman*, 735 F. App'x 45, 46 (3d Cir. 2018); *Huafeng Xu v. Walsh*, 604 F. App'x 124, 125 (3d Cir. 2015); *Jarvis v. D'Andrea*, 599 F. App'x 35, 36 (3d Cir. 2015); *Holmes v. Dreyer*, 431 F. App'x 69, 71 (3d Cir. 2011); *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006); *Smith v. Rosenbaum*, 460 F.2d 1019, 1020 (3d Cir. 1972).

Luft argues that quasi-judicial immunity cannot shield Smith when sued in her individual capacity, rather than in her official capacity as Clerk of the Superior Court. This Court disagrees

---

[5] Even if ARA and Lee were state actors, they could not be subject to liability under the Fifth Amendment because they are not agents of the federal government. *See, e.g.*, *Santos v. Sec'y of Health & Human Servs.*, 532 F. App'x 29, 33 (3d Cir. 2013) ("The Fifth Amendment applies to actions of the federal government, not state actions.").

because quasi-judicial immunity applies to officials sued in their individual capacity. *See, e.g.*, *Lonzetta Trucking & Excavating Co. v. Schan*, 144 F. App'x 206, 211 (3d Cir. 2005). Because Smith possess quasi-judicial immunity,[6] she cannot be subject to suit in this action.

## V. CONCLUSION

For the reasons set forth above, Moving Defendants' motions to dismiss are **GRANTED**. Lee, ARA, Smith, and the Superior Court Clerk's Office are **DISMISSED** from this action. An appropriate order accompanies this Opinion.

/s/Brian R. Martinotti<br>
**HON. BRIAN R. MARTINOTTI**<br>
**UNITED STATES DISTRICT JUDGE**

---

[6] Even if Smith did not possess quasi-judicial immunity, she would be entitled to qualified immunity because Smith did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known" by following New Jersey's expedited foreclosure case procedures. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). Luft's allegations, although couched in language suggesting misconduct, show only that Smith followed the expedited procedures for certain foreclosure cases authorized by New Jersey law. *See* N.J. Ct. R. 4:64-1; Order Concerning Office of Foreclosure (N.J. Mar. 22, 2016), https://www.njcourts.gov/notices/2016/n160602e.pdf.